UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-333-GWU

SHARON HAYNES, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Sharon Haynes brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed

1

        in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.    At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.    If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

    Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Haynes, a 50-year-old woman with a high school education, suffered from impairments related to mitral valve regurgitation, chronic obstructive pulmonary disease, asthma, and being status post shoulder arthroscopy. (Tr. 12, 15). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 14-15). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 16-17). The ALJ based this decision, in large part, upon the testimony of a vocational expert.

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Betty Hale included an exertional limitation to light level work restricted from a full range by such non-exertional restrictions as (1) an inability to lift more than ten pounds with

the right arm; (2) an inability to perform overhead work with the right arm; (3) an inability to ever climb ladders, ropes or scaffolds; (4) an inability to more than occasionally stoop or crawl; and (5) a need to avoid concentrated exposure to moving machinery, dust, gases, extreme cold, humidity and vibrations. (Tr. 36-37). Hale indicated that the ten pound right arm lifting restriction would be more consistent with sedentary level work than light. (Tr. 37). However, a significant number of jobs without extensive lifting requirements, classified at the light level due primarily to the standing requirements, would remain available. (Id.). These jobs included cashier, assembler, non-hazardous security guard, ticket taker and parking lot attendant. (Tr. 37-38). The plaintiff's representative then asked the witness to consider such additional restrictions as an inability to ever crawl, squat, climb or reach above shoulder level, and a need to avoid exposure to any temperature or humidity changes and a need to avoid exposure to any dust, fumes or gases. (Tr. 39). Hale reported that most of the jobs she had cited would be indoors and, so, would accommodate these limitations concerning temperature and pulmonary irritants. (Id.). The postural limitations and restrictions concerning overhead work would also not significantly reduce the aforementioned job numbers. (Id.). These additional restrictions would mainly affect the assembly and cashier positions but a significant number of jobs would still remain. (Tr. 40). Therefore, assuming that the vocational factors considered by Hale fairly characterized the claimant's

8

condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

Dr. Matt Nicholls, a treating source, opined that Haynes should not lift over ten pounds or perform overhead, above the shoulder lifting, and should limit shifts to eight hours. (Tr. 380). The jobs cited by the ALJ appear essentially consistent with these limitations. While the jobs were classed at the light level, the vocational expert indicated that this was due to standing requirements and these positions would accommodate a ten pound lifting restriction. (Tr. 37). Hale also indicated that a restriction on above shoulder work would not significantly reduce the available work. (Tr. 39). Therefore, this opinion supports the administrative decision.

Dr. Humilidad Anzures (Tr. 412-420) and Dr. Jorge Baez-Garcia (Tr. 455-462) each reviewed the record and opined that Haynes was capable of performing medium level work, restricted from a full range by a limited ability to push or pull with the upper extremities, an inability to ever climb ladders, ropes or scaffolds, an inability to more than occasionally crawl, a limited ability to reach in all directions, and a need to avoid concentrated exposure to extreme cold, humidity, vibration, pulmonary irritants and hazards. The vocational factors considered by Hale were essentially compatible with these limitations.

Dr. Philip Corbett submitted a Physical Capacities Assessment Form in June of 2008.[1] (Tr. 624). This document limited Haynes from lifting more than ten pounds occasionally. (Id.). She would also not be able to use her hands for pushing and pulling, and would not be able to perform squatting, crawling, climbing, and reaching above shoulder level. (Id.). Bending was limited to occasional performance. (Id.). The doctor also indicated a need to totally avoid marked temperature and humidity changes and exposure to pulmonary irritants as well as a "moderate" need to avoid unprotected heights and moving machinery. (Id.). Dr. Corbett's opinion was offset by that of Dr. Nicholls, a treating source, as well as those of the medical reviewers. Therefore, his opinion was offset and outweighed and not binding on the ALJ.

Haynes was treated at Pathways for alleged mental problems. The plaintiff was diagnosed as suffering from a major depressive disorder. (Tr. 464). Specific mental limitations were not imposed by the Pathways staff. (Tr. 463-479, 630-656). The record was reviewed by Psychologist Edward Stodola who opined that the claimant did not suffer from a "severe" mental impairment. (Tr. 421). Based on this

---

[1]The signature on this form is illegible. (Tr. 624). The ALJ thought that this form came from Dr. Nicholls. (Tr. 14-15). However, the plaintiff's representative indicated in his brief that Dr. Corbett completed the form. Docket Entry No. 8, p. 4. The plaintiff procured this evidence and submitted it into the record. (Tr. 623). She and her representative should know who completed the document, and, so, the undersigned will assume this evidence came from Dr. Corbett.

evidence, the ALJ determined that Haynes's mental problems did not constitute a "severe" impairment. (Tr. 13).

Haynes argues that the ALJ erred by failing to give proper consideration to the combination of her impairments. The undersigned has already determined that the vocational factors considered by Hale fairly characterized the plaintiff's condition. Thus, the ALJ implicitly considered all of the claimant's impairments. While Dr. Corbett did identify some limitations which were not considered, his opinion was properly rejected by the ALJ. Haynes has not noted another impairment which was not considered. Therefore, the court must reject the plaintiff's argument.

Haynes argues that her medical problems would prevent her from maintaining employment and, so, she could not meet the durational requirements for substantial gainful activity. The plaintiff cites the Ninth Circuit Court of Appeals case of Gatliff v. Commissioner of Social Security, 172 F.3d 690 (9th Cir. 1999). However, in Gatliff, the record contained considerable evidence that the claimant would not be able to maintain employment more than a couple of months and the ALJ had even acknowledged this fact. Gatliff, 172 F.3d at 692. In the present action, Haynes has not identified similar evidence suggesting that she would not be able to maintain employment. Therefore, the court must reject the plaintiff's argument.

The undersigned concludes that the administrative decision should be affirmed.  A separate judgment and order will be issued simultaneously consistent with this opinion.

This the 22nd day of July, 2010.

**Signed By:**
*G. Wix Unthank*
**United States Senior Judge**